No. 3811.—W. S. DONNELL et als. *v.* E. GANT et als.

The recording of an abstract of an inventory of a deceased wife of a man named, fixes the presumption of the existence of minors whose rights are preserved by the recording of the abstract, and the recording of such an abstract is sufficient notice to third persons, of the existence of a tacit mortgage, resting upon the property of survivor in favor of the minors.

APPEAL from the Seventh Judicial District Court, parish of Pointe Coupée. *Miller,* J.   *Cooley & Philips,* for plaintiffs and appellants. *Thomas H. Hewes,* for defendants and appellees.

HOWELL, J.   Justus Reynolds, the father and natural tutor of several minor children, resigned his tutorship on the twenty-eighth of March, 1860, and the grandmother of said children was appointed tutrix.   On the twenty-fourth of June, 1867, she obtained judgment against Reynolds for $6596 03, with legal interest from the seventeenth of January, 1861, costs and legal mortgage, and caused it to be recorded on the twenty-eighth of June, 1867.   On the seventh of December, 1869, she obtained judgment against one Nasworthy Bell, as third possessor, to whom Reynolds had sold a plantation in February, 1860, and an order to sell said property to satisfy the judgment against Reynolds.   At the sale on the fifth of February, 1870, the property was adjudicated to the defendant Gant, and all mortgages were erased by the sheriff, and Gant issued a monition and obtained the homologation of said sale.   Among the mortgages canceled by the sheriff were two judicial mortgages against Bell in favor of these plaintiffs, and recorded on the thirteenth of January, 1868. They now sue to have their said mortgages reinstated and enforced against the said property and any mortgages in favor of the minor children of Reynolds declared null.

They contend, very properly, that the recording of the judgment in favor of the tutrix, in June, 1867, did not operate a judicial mortgage upon the property in question, as it had been sold long before by Reynolds to Bell, and that the only right of mortgage in favor of

the minors depends on a compliance with the law of 1869, prescribing the mode of preserving such mortgages. This, they say, has not been done.

The law on this subject is found in section eleven of act ninety-five of 1869, which requires the clerks " to make out an abstract of the inventory of the *property of all minors* whose tutors have not been required by law to give bond for their tutorship, such abstract to *describe the real property*, and give the *full amount of the appraisement of all the property*, both real and personal, and rights and credits," which must be recorded in the mortgage book before the first of January, 1870.

On the eighth of November, 1869, the following document was recorded :

" State of Louisiana, parish of Pointe Coupée.

" Extract of inventory of the succession of Mary F. Fontenot, wife of Justus Reynolds, made by John Mosbins, recorder, on the tenth of January, 1861 :

'· Appraisement of slaves and amount of inventory :

" Nine thousand two hundred dollars ($9,200.)

" I, the undersigned deputy clerk of the Seventh Judicial District Court, in and for the parish and State aforesaid, duly qualified, do hereby certify the above and foregoing to be a true and correct extract of the original inventory of said succession of Mary F. Fontenot.

" Pointe Coupée, October 25, 1869.

    "(Signed)                    H. J. LEDOUX, Deputy Clerk."

It is objected that this is insufficient, because it does not show against whom and in favor of whom the mortgage is recorded, it not appearing that Mrs. Reynolds left minor children, which can not be presumed, or that Justus Reynolds was their tutor if there are any; and further, that what was secured, if anything, is the value of slaves, which could not be recovered, the object of registry being to inform third persons on these three points.

Prior to the constitution of 1868, third persons were entitled to no information in this respect as to the existence of mortgages in favor of minors. That instrument declared that such mortgages, existing at the date of its adoption, should cease to have effect against third persons after the first of January, 1870, unless duly recorded, and made it the duty of the legislator to provide for their registration. That provision is contained in the section above cited, and by its terms. such mortgages upon the property of certain tutors are preserved so as to have effect against third persons, if an abstract of the inventory of the minors' property, containing a description of the *real* property and the appraisement of *every kind* of property, is recorded within the prescribed time. The purpose of the law is to show that a mortgage

exists upon the tutor's property in favor of minors and to what extent. When therefore, in conformity with this law an abstract is made as in this case of the inventory of a deceased wife of a man named, we must presume the existence of minors, whose rights are to be preserved, otherwise the clerk and recorder would be doing a vain and unauthorized thing. If there should be no minors no mortgage would attach; but the recording of such an abstract notifies third persons that a tacit or legal mortgage rests upon the property of the survivor in favor of any minor heirs of the decedent, and they deal with him with such knowledge.

In this instance a tacit mortgage existed prior to 1870, and we think there has been a compliance with the law providing for its preservation as against third persons.

As to the last objection, it is sufficient to say that the judgment has been executed, and it is too late to inquire into the consideration on which it was based.

It is therefore ordered that the judgment appealed from be reversed and that there be judgment in favor of defendants rejecting the demand of plaintiffs with costs in both courts.